IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| S & N, INC. | CHAPTER 7 |
| MOVANT | CASE NO. 5-09-00019 |
| VS. | |
| U.S. INTERNAL REVENUE SERVICE, | |
| COMMONWEALTH OF PENNSYLVANIA, | |
| DEPARTMENT OF REVENUE | |
| HITACHI CAPITAL AMERICA CORP. | |
| MAIN STREET BANK | |
| STERLING NATIONAL BANK | |
| HITACHI CREDIT AMERICA CORP. | |
| WELLS FARGO FINANCIAL PA INC. | |
| RESPONDENTS. | |

**MOTION SEEKING APPROVAL TO SELL PERSONAL PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS AND ENCUMBRANCES WITH PROCEEDS TO ATTACH TO LIENS AND PAY COMMISSION TO AUCTIONEER COLONEL STEVE SITAR**

**TO THE HONORABLE JOHN J. THOMAS, BANKRUPTCY JUDGE:**

**COMES NOW** Mark J. Conway, Chapter 7 Trustee ("Trustee") in the above-captioned Chapter 7 proceeding, through his undersigned counsel, and makes this Motion, respectively stating in support thereof:

1. On the date the petition was filed under Chapter 7 on January 5, 2009, in the above-captioned proceeding, there existed certain personal property of the Estate ("Property").

2. This Court has jurisdiction of the matter pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 11334. Consideration of this motion is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicate for the relief sought herein is, <u>inter alia</u>, Section 363 of the Bankruptcy Code.

3. The Respondents listed in the caption may have a lien or interest in the Property.

4. The Trustee seeks to sell the Property through an Auction Sale, without any conditions whatsoever, free and clear of all liens, with proceeds to attach to outstanding liens and be applied to outstanding liens in their order of priority on March 14, 2009 at 10:00 a.m. However, the Trustee shall reserve the right to reject any bids for any reason including failure to satisfy secured creditors, real estate taxes and any other valid lien recorded against the Property.

5. The Trustee also seeks approval to pay to his Auctioneer, Colonel Steve Sitar ("Sitar"), a commission of ten percent (10%) for the personal property, plus reimbursement of reasonable costs and expenses from the sale proceeds and without further application to the Court. An application to appoint Sitar was filed.

6. A schedule of the Property prepared by Sitar is attached hereto as **EXHIBIT "A"** and incorporated herein by reference.

7. This Motion has been filed by the Trustee because the sale will enable the Trustee to liquidate the Property expeditiously and to pay a portion of the debts of the Estate, in addition to certain costs of administration.

8. The United States Trustee and any respondents shall receive a copy of this Motion and all other parties in interest shall receive notice of the sale.

9. The Trustee requests that this matter not be subject to the ten (10) day stay under Bankruptcy Rule 6004(g) in order to maximize recovery in this matter.

10. The Trustee further requests the Court to allow distribution of the proceeds from the sale of the Property at settlement as follows:

   a. Any and all secured claims, including mortgages and real estate taxes;
   b. Any and all costs and expenses incurred by the Estate in connection with the Sale and standard closing costs; and
   c. An Auctioneer's commission of ten percent (10%) of the personal property proceeds paid to Colonel Steve Sitar, plus reimbursement of related costs and expenses.

11. The Trustee respectfully requests the Court to issue a date by which responses if any objecting to the sale of the Property, free and clear of liens and encumbrances, may be filed, and to grant the requested relief, to wit, to sell the Property free and clear of liens and encumbrances by public auction sale pursuant to the terms set forth herein.

**WHEREFORE,** the Trustee respectfully requests your Honorable Court to (i) issue a Notice to Creditors indicating on such the final date for filing answers or objections to the within Motion, and following the time set for answers or objections, (ii) enter an order granting relief to sell the Property free and clear of liens and encumbrances by public auction sale as indicated herein; (iii) to allow the Trustee to execute all papers and documents necessary to transfer said Property to effectuate said sale; (iv) authorize payment to Colonel Steve Sitar a commission of ten percent (10%) of the personal property proceeds and

reimbursement of costs and expenses; and (v) for such other and further relief as the Court deems just and appropriate.

                Respectfully submitted:
                **LAW OFFICES OF MARK J. CONWAY, P.C.**
                /s/ Mark J. Conway
                Mark J. Conway
                502 South Blakely Street
                Dunmore, PA 18512
                (570) 343-5350
                Counsel for Trustee

DATED: February 2, 2009

4

Case 5:09-bk-00019-JJT    Doc 6    Filed 02/02/09    Entered 02/02/09 16:17:12    Desc
Main Document    Page 4 of 4